[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION AND MOTION TO TERMINATE ALIMONY
There two motions filed in the above-entitled action, one by each of the parties. The plaintiff has filed a motion to modify the judgment with the sole issue remaining a question as to whether or not there were orders concerning tax exemptions regarding the minor children. Specifically, it is claimed that the husband was allowed to utilize the tax exemption for the children pursuant to an order of J. Donald T.Dorsey. In fact, the plaintiff has been utilizing the exemptions since the date of the divorce Judgment May 27, 1998. (It should also be noted that the first motion to modify the judgment was filed September 29, 1999 and for reasons unknown to the court, was never pursued and the re-claim was filed December 5, 2001, with a hearing held March 18, 2002 before this court.)
The court has reviewed the transcript of the hearing before theHonorable Donald T. Dorsey which concluded with a question to counsel about an agreement concerning the Federal Income Tax exemptions. There was a conversation indicating that the husband would receive the benefits of the exemptions until the plaintiff achieved the income of $15,000 at which time the question of the exemptions would be reevaluated. At no time did the court enter any orders with respect to the agreement nor was it entered by either of the parties as part of the judgment file. It is noted that the motion for modification was not filed until some seventeen months after entry of the judgment and the plaintiff wife had been declaring the exemptions since the date of the divorce. In addition, the affidavit of the plaintiff wife indicates she is earning approximately $20,000, which would have triggered reevaluating the agreement at an unknown time and at an unknown arrangement. Therefore, the motion for modification with respect to the tax exemption is denied.
The defendant has filed a motion to terminate alimony based on the wife's co-habitation with another individual which has caused a change of circumstances as to alter the financial needs of the parties. CT Page 10986
The testimony has indicated that the plaintiff's fiancee has been residing with the plaintiff since October 1, 2001.
At the time, the individual, Dana Barron was receiving unemployment compensation benefits and according to the testimony of the plaintiff and Mr. Barron, he did not, in any way, contribute to the maintenance of the household nor did he receive benefits of financial assistance from the plaintiff. However, Mr. Barron did testify that there was an agreement that he would contribute to the household finances when he did obtain employment. In fact, he did testify that he had begun employment three weeks before the date of the hearing, March 18 2002. He indicated that he is receiving $500 a week, plus that he would also be receiving commissions in the future.
Based on the admitted agreement by Mr. Barron to contribute to the expenses of the household and based on the amount of income he has been receiving for the past three weeks and the increased income he will be receiving in the future, it is the decision of the court that the Judgment of May 27, 1998 is modified and alimony payments are terminated retroactively to the date of February 22, 2002.
BY THE COURT
Gilardi, J. CT Page 10987